IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SEAN WRIGHT,

              Petitioner,

    vs.

STATE OF ALASKA,

              Respondent.

No. 3:18-cv-00056-JKS

ORDER
[Re: Motion at Docket No. 34]

This Court denied Sean Wright, a former Alaska state prisoner now represented by counsel, habeas relief and a certificate of appealability ("COA") on May 8, 2019. Docket Nos. 32, 33. The Court concluded that Wright, whose sentence on his 2009 Alaska conviction for sexual abuse had expired prior to his filing the habeas petition, did not satisfy 28 U.S.C. § 2254's in custody requirement. The Court held that, although Wright was sentenced recently in the U.S. District Court for the Eastern District of Tennessee to time served and five years of supervised release on a federal conviction for failure to register as a sex offender, his status on federal supervised release did not render him in custody "pursuant to the judgment of a State court," as required by 28 U.S.C. § 2254(a). Docket No. 32 at 10 (citing *Brock v. Weston*, 31 F.3d 887, 889-90 (9th Cir. 1994) (holding that petitioner was no longer in custody under expired sexual assault conviction for the purpose of a habeas petition but could satisfy the "in custody" requirement of § 2254 based on his current civil confinement pursuant to a state court judgment

under the Washington Sexually Violent Predators Act)).

At Docket No. 34, Wright now moves for reconsideration of the Court's decision, citing *Piasecki v. Court of Common Pleas, Bucks County, PA*, 917 F.3d 161 (3d Cir. 2019), a decision of the Third Circuit that was filed during the pendency of briefing in the instant case and before this Court's judgment issued. In *Piasecki*, the Third Circuit held that the sex offender registration requirements under Pennsylvania state law were sufficiently restrictive to constitute custody, as required for the federal courts to have jurisdiction over a habeas petition that was filed after the petitioner's term of probation for child pornography convictions had expired, but while he was still subject to registration requirements. *Id.* at 170. Likewise, the *Piasecki* Court held that the sex offender registration requirements were part of the petitioner's sentence for child pornography convictions rather than mere collateral consequence of those convictions. *Id.* at 173-73.

## GOVERNING LAW

A motion to reconsider a final appealable order is appropriately brought under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Rule 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) does not state when a court should reconsider a prior decision, but the Ninth Circuit has stated that "Rule 59(e) amendments are appropriate if the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Under Rule 60(b),

> the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, a motion for reconsideration generally "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259-61 (9th Cir. 2004) (referring to Rule 60(b)); *Kona Enters.*, 229 F.3d at 890 (interpreting Rule 59(e)). The sole exception is when the court has committed "clear" or "manifest" error. Mere disagreement with a court's order, however, does not provide a basis for reconsideration. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999).

## DISCUSSION

Wright brings his reconsideration motion under Federal Rule of Civil Procedure 60(b)(6), which "permits reopening 'for any . . . reason that justifies relief' other than the more specific reasons set forth in Rule 60(b)(1)-(5)." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013). He asks this Court to reconsider its decision in light of the Third Circuit's decision in *Piasecki*, which held that the registration requirements under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA") constituted "custody" for purposes of establishing federal jurisdiction. *Piasecki,* 917 F.3d at 170.

This Court, of course, is not bound by the Third Circuit's decision, which is contrary to those of all circuit courts who have faced the same issue. *See, e.g.*, *Hautzenroeder v. Dewine*, 887 F.3d 737 (6th Cir. 2018) (Ohio's SORNA); *Calhoun v. Att'y Gen.*, 745 F.3d 1070, 1074 (10th Cir. 2014) (Colorado); *Wilson v. Flaherty*, 689 F.3d 332, 335 (4th Cir. 2012) (Texas and Virginia); *Virsnieckss v. Smith*, 521 F.3d 707, 717-20 (7th Cir. 2008) (Wisconsin); *Johnson v.*

*Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (Texas); *Dickey v. Allbaugh*, 664 F. App'x 690 (10th Cir. 2016) (Oklahoma). Indeed, the Ninth Circuit, the appellate court whose rulings are binding on this Court, has consistently concluded that the sex offender registration requirements it has considered are collateral consequences of the underlying conviction and do not constitute custody for purposes of § 2254 jurisdiction. *See Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1182-84 (9th Cir. 1998) (Washington statute). Although Wright urges the Court to distinguish the Ninth Circuit precedent because the registration requirements Wright faces under the Tennessee SORNA are "more onerous" than those the Ninth Circuit previously considered, Docket No. 34 at 3, this Court is bound by the reasoning of *Williamson* and its progeny, which the Court continues to find both persuasive and controlling. Any argument to the contrary should be raised to and decided by the Ninth Circuit Court of Appeals.

## CONCLUSION

Wright has not demonstrated that this Court should reconsider its earlier decision dismissing with prejudice the First Amended Petition for Writ of Habeas Corpus for failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 34 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court issues a Certificate of Appealability with respect to Wright's claims that the sex offender registration requirements he faces are significantly restrictive to satisfy the "in custody" requirement of 28 U.S.C. § 2254 and are part of his Alaska sentence rather than mere collateral consequences of his conviction. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

   Dated: June 12, 2019.

             /s/ James K. Singleton, Jr.
             JAMES K. SINGLETON, JR.
             Senior United States District Judge